UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Davon Tyrelle McFadden, | ) C/A No.: 4:15-274-JMC-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Simon Major; Daryl F. McGhaney; and Lt. McMillan, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PROCEDURAL BACKGROUND**

Plaintiff, a prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on January 22, 2015, alleging a violation of his constitutional rights. On May 20, 2015, Defendants filed a motion to dismiss based on a lack of prosecution. Specifically, Defendants argue the case should be dismissed for failure to comply with the court's order to notify the Clerk of Court of any address change. As the Plaintiff is proceeding *pro se*, the court issued an order on or about May 20, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response. The Roseboro Order was returned to the Clerk of Court's office *via* United States Postal Service on June 4, 2015, marked "Return to Sender" and "Inmate released." (Doc. #27). Plaintiff has not responded to the motion or provided the court with an updated address.[2]

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

[2] An Order was issued on February 9, 2015, directing the Plaintiff to "always keep the Clerk of Court advised in writing" if his address changed for any reason or his case may be dismissed for

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to this motion for summary judgment. Plaintiff has not responded to Defendants' motion to dismiss for failure to prosecute or the court's order requiring him to respond. The mail was returned as undeliverable noting that Plaintiff had been released. (Doc. #27). The undersigned concludes the Plaintiff has abandoned this lawsuit. It appears there are no less drastic sanctions available.

Accordingly, it is recommended that Defendants' motion to dismiss for lack of prosecution (doc. #22) be granted and this action dismissed pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

---

violating the order. (Doc. #7).

**CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that Defendants' motion to dismiss for lack of prosecution (doc. #22) be granted and this action dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

It is further RECOMMENDED that any outstanding motions be deemed moot.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 2, 2015
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**