## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Davon T. McFadden, | ) | |
| | ) | Civil Action No. 4:15-cv-00274-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Simon Major, Daryl F. McGhaney, | ) | |
| Lt McMillian, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 31), filed on July 2, 2015, recommending that Defendants' motion to dismiss (ECF No. 22) be granted and Plaintiff's action be dismissed with prejudice for failure to prosecute.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Magistrate Judge entered an order in this case on May 20, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the importance of

1

him filing an adequate response to Defendants' Motion to Dismiss (ECF No. 22) and of the need for him to file an adequate response. (ECF No. 24.) Petitioner still failed to respond to Defendants' Motion to Dismiss. The *Roseboro* order was returned to the Clerk of Court's office *via* the United States Postal Service on June 4, 2015 and was marked "Return to Sender" and "Inmate released." (ECF No. 27.)

The Magistrate Judge thus dismissed petitioner's action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 31 at 2 (considering "(1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory manner; and, (4) the existence of less drastic sanctions other than dismissal," as instructed by *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)).) Noting that Petitioner was proceeding *pro se*, the Magistrate Judge stated:

> It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to this motion for summary judgment. Plaintiff has not responded to Defendants' motion to dismiss for failure to prosecute or the court's order requiring him to respond. The mail was returned as undeliverable noting that Plaintiff had been released [from prison]. (Doc. #27). The undersigned concludes the Plaintiff has abandoned this lawsuit. It appears there are no less drastic sanctions available.

(*Id.* at 2.)

Upon review of the Report and the record in this case, the court agrees with the Magistrate Judge's conclusion in this regard. This court therefore **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 31). It is therefore **ORDERED** that Petitioner's action (ECF No. 1) be **DISMISSED** with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 15, 2015
Columbia, South Carolina